OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA Y. LOYDE | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 11-50 |
| | § | |
| HERTZ VEHICLES, L.L.C., | § | |
|    *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Docket No. 31). Plaintiff has failed to respond to that motion. The undersigned has jurisdiction to rule on that motion pursuant to 28 U.S.C. § 636(c). (Docket No. 29).

## DISCUSSION

Plaintiff Sandra Y. Loyde filed this action seeking compensation for property damage and personal injuries arising from an automobile accident that occurred on March 20, 2009. (Docket No. 1). Plaintiff sued the United States of America (USA) and the United States Corps of Engineers ("USCE") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.* Plaintiff alleged that Ramon Barrios, Jr. ("Barrios"), while acting in the course and scope of his employment with USCE, and while driving a rental vehicle negligently entrusted to him by Defendant Hertz Vehicles, LLC (Hertz"), negligently injured Plaintiff.

The United States moved to substitute Barrios with itself. See 28 U.S.C. § 2679(b)(1) (An action against the United States under the Federal Tort Claims Act is "exclusive of any civil action or proceeding for money damages by reasons of the same subject matter against the employee). That motion was granted on May 31, 2011. (Docket No. 15). USA and USCE also moved to be dismissed from this action

given that Plaintiff had failed to exhaust administrative remedies. (Docket No. 16). That motion was granted on August 3, 2011. (Docket No. 21). Therefore the only remaining defendant at the time this action was referred to the undersigned was Hertz. Moreover, the only remaining cause of action against Hertz is a negligent entrustment claim arising under Texas law.

It is against this backdrop that Hertz now seeks to dismiss this action for lack of subject-matter jurisdiction. (Docket No. 31). Plaintiff Loyde has failed to respond to that motion. Loyde's failure to so must be taken as a representation of no opposition pursuant to Local Rule 7.4 of the United States District Court for the Southern District of Texas.

> Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' U.S. Const., Art. III, s 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Nevertheless, "that power need not be exercised in every case in which it is found to exist." *Gibbs*, 383 U.S. at 726. Moreover, "it has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Ibid.* Finally, "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Ibid.*

In light of the nature of the remaining claim, the considerations the Supreme Court expounded above, Hertz's instant motion, and Plaintiff's silent acquiescence to that motion, the Court GRANTS Hertz's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

It is so ORDERED.   Done this 19th day of January 2012.

*[signature]*
Felix Recio
United States Magistrate Judge